UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| LARRY McGUIRE<br>    Plaintiff, | ]<br>]<br>] |
| v. | ]   No. 1:12-0123<br>]   JUDGE HAYNES |
| AMY CLAIBORNE<br>    Defendant. | ]<br>] |

**M E M O R A N D U M**

Plaintiff, Larry McGuire, an inmate at the Maury County Jail in Columbia, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against Amy Claiborne, a Judicial Commissioner in Maury County, Tennessee seeks damages from the Defendant who Plaintiffs describes as a magistrate.

According to his complaint, Plaintiff alleges that a guard at the Maury County Jail assaulted him without provocation. Plaintiff sought to have the guard charged with assault, but the Defendant allegedly refused to issue an arrest warrant. Plaintiff alleges that the Defendant's refusal to issue an arrest warrant violates his right to due process.

To state a claim for relief under § 1983, the Plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 543-44 (1981).

As a matter of federal law, a private citizen lacks a

judicially cognizable interest in the prosecution or non-prosecution of another individual. <u>Leeke v. Timmerman</u>, 454 U.S. 83,86-87 (1981; <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614,619 (1973). Thus, Plaintiff's complaint does not present a federal right.

Absent a violation of federal law, the Plaintiff fails to state a Section 1983 claim upon which relief can be granted. When a prisoner proceeding *in forma pauperis*, as is the case here, has failed to state a claim for relief, the Court must dismiss the action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order is filed herewith.

_____
WILLIAM J. HAYNES, JR.
Chief District Judge
10-9-12

2